NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                                              :
LYNN Z. SMITH,                                :
                                              :
      Appellant,                        :         Civil Action No. 12-00085 (JAP)
                                              :
v.                                            :         **OPINION**
                                              :
MANASQUAN SAVINGS BANK, et al.,               :
                                              :
      Appellee.                         :
_____:

PISANO, District Judge:

      This matter comes before the Court as an Appeal of United States Bankruptcy Court Judge Raymond T. Lyon's Order of December 7, 2011, which denied Debtor/Appellant Lynn Z. Smith's (the "Appellant") Motion for Reconsideration of a prior Order.  In the prior Order, the Bankruptcy Court denied Appellant's Motion to Stay enforcement of two previous Orders, which, among other things, vacated the automatic stay as to the Chief of the New Jersey Bureau of Securities (the "Bureau") and the Manasquan Savings Bank ("Manasquan Bank").  After the Bankruptcy Court denied Appellant's Motion to Stay and Appellant's Motion for Reconsideration, this Appeal followed.  The Court exercises appellate jurisdiction in this matter under 20 U.S.C. § 158(a).  *See Matter of Halvajian*, 216 B.R. 502, 508 (D.N.J. 1998), *aff'd*, 168 F.3d 478 (3d Cir. 1998) (citing 28 U.S.C. § 158(a)(1)).

      Also before the Court is: (i) Appellant's Motion for Recusal of Presiding Judge [docket entry no. 15]; (ii) Appellant's Motion to Subpoena Documents and Records [docket entry no. 17]; and (iii) Appellant's Motion for an Order Granting Stay Pending Decision on the above

motions and Application for Pro Bono Counsel [docket entry no. 19].  The Bureau and

Manasquan Bank oppose these motions.  In addition, Manasquan Bank has filed a Cross-Motion

to Dismiss the Appeal based on Appellant's failure to file an appellate brief [docket entry no.

20].  The Court decides these motions without oral argument as permitted by Federal Rule of

Civil Procedure 78.

 For the reasons discussed below, the Court shall remand the matter to the Bankruptcy

Court for elaboration of its reasoning in issuing the November 2 Order and the December 7

Order.  Manasquan Bank's Cross-Motion to Dismiss is denied without prejudice.  Appellant's

Motion for Recusal, Motion to Subpoena Documents and Motion for a Stay are also denied.

**I.** **Background**

 Appellant filed a Chapter 13 bankruptcy petition on March 18, 2011.  The case was

assigned to Judge Lyons.  Appellant filed her original Chapter 13 plan on March 18, 2011

[Bankruptcy docket entry no. 2].

 On May 10, 2011, the Bureau filed an objection to Appellant's proposed plan because,

among other things, it failed to include a plan for payment of $809,237 to the Bureau

[Bankruptcy docket entry no. 15].  Over the next several weeks, the Bureau engaged in

negotiations with Appellant's then-attorney and ultimately, the Bureau and Appellant reached an

agreement to resolve the Bureau's objection.  Therefore, on June 22, 2011, the Bankruptcy Court

entered an Order, which: 1) withdrew the Bureau's objection to the proposed plan; 2) deemed the

Bureau's proof of claim for $809,237 to be non-dischargeable; and 3) vacated the automatic stay

as to the Bureau [Bankruptcy docket entry no. 26].

 Meanwhile, on May 18, 2011, Manasquan Bank filed a motion for relief from the

automatic stay based on Appellant's failure to make payments to the bank in accordance with her

proposed plan  [Bankruptcy docket entry no. 16].  After negotiations with Appellant's then-counsel, Manasquan Bank and Appellant reached an agreement, whereby Appellant would immediately begin making payments to the bank.  An Order was entered on June 30, 2011, which confirmed this agreement and set forth a schedule for such payments [Bankruptcy docket entry no. 29].  The Order also contained a thirty-day default clause, which entitled Manasquan Bank to obtain relief from the automatic stay by filing a certification of default, in the event that Appellant failed to abide by the terms of the Court's Order.  Appellant did not make the required payments to the bank and on July 7, 2011, Manasquan Bank filed a certification of default [Bankruptcy docket entry no. 34].  On July 22, 2011, the Bankruptcy Court entered an Order vacating the automatic stay as to Manasquan Bank [Bankruptcy docket entry no. 45].

Several months later, on October 3, 2011, Appellant moved the Bankruptcy Court to stay enforcement of these two orders [Bankruptcy docket entry no. 59].  The Bureau and Manasquan Bank opposed the motion and on November 2, 2011, the Bankruptcy Court denied Appellant's Motion to Stay (the "November 2 Order") [Bankruptcy docket entry no. 69].  On November 15, 2011, Appellant moved the Bankruptcy Court for reconsideration of the November 2 Order [Bankruptcy docket entry no. 73].  The Bureau and Manasquan Bank opposed the motion and on December 7, 2011, the Bankruptcy Court denied Appellant's Motion for Reconsideration (the "December 7 Order") [Bankruptcy docket entry no. 84].

On January 5, 2012, Appellant's Notice of Appeal was entered in this Court.  In light of Appellant's *pro se* status, the Court granted Appellant three separate extensions of time to file her appellate brief [docket entry nos. 6, 12, 16].  By Order dated March 26, 2012, the Court gave Appellant until May 1, 2012 to file her brief and informed her that she would receive no further extensions.  To date, Appellant has not filed an appellate brief in support of her Appeal.

On March 26, 2012, Appellant filed a Motion for Recusal of Presiding Judge Pisano [docket entry no. 15].  Appellant subsequently filed a Motion to Subpoena Documents and Records [docket entry no. 17], as well as a Motion for a Stay Pending Decision on these motions and an Application for Pro Bono Counsel [docket entry no. 19].  The Bureau and Manasquan Bank opposed the motions and Manasquan Bank cross-moved to dismiss the Appeal based on Appellant's failure to file an appellate brief [docket entry no. 20].  This Opinion addresses each of these motions.

## II.    The Appeal and Cross-Motion to Dismiss the Appeal

### A.    Standard of Review

Federal Rule of Bankruptcy Procedure 8013 provides in pertinent part:  "On appeal the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings."  Fed. R. Bankr. P. 8013.  Appellate courts review "the bankruptcy court's legal determinations *de novo*, its factual findings for clear error and its exercise of discretion for abuse thereof."  *In re: United Healthcare Sys., Inc.*, 396 F.3d 247, 249 (3d Cir. 2005) (quoting *In re: Trans World Airlines, Inc.*, 145 F.3d 124, 130-31 (3d Cir. 1998)).

### B.    The Appeal

The Court has reviewed the parties' submissions and the record from the Bankruptcy Court proceedings.  At this time, the Court is unable to address the merits of Appellant's appeal and Manasquan Bank's Cross-Motion to Dismiss the Appeal because the Bankruptcy Court did not include any explanation of its reasoning in issuing the December 7 Order, which denied Appellant's Motion for Reconsideration.  Nor did it include an explanation of its reasoning in

issuing the November 2 Order denying Appellant's Motion for Stay, which formed the basis of Appellant's subsequent Motion for Reconsideration.

The absence of a reasoned explanation of the Bankruptcy Court's action, demonstrating that the parties' arguments were considered, makes it impossible for the Court to conclude that the denial of the Motion for Stay and Motion for Reconsideration was proper in this case. *See, e.g., Vadino v. A. Valey Eng'rs*, 903 F.2d 253, 258-59 (3d Cir. 1990) (noting that lower court's failure to include an explanation for its reasoning in granting summary judgment motion interfered with the appellate court's ability to exercise its statutory function of appellate review). Absent an explanation of the Bankruptcy Court's reasoning, the Court cannot fully address the merits of the Appeal. Accordingly, the Court shall remand this matter to the Bankruptcy Court for elaboration of its reasoning in issuing the November 2 Order and the December 7 Order.

## III.    Appellant's Motion for Recusal

Appellant seeks the Court's recusal from this action based on the purported "appearance of bias and impropriety" that arises from the fact that Judge Pisano graduated from Seton Hall Law School ("Seton Hall"), as did other judges that have presided over Appellant's various legal matters.

### A.  Legal Standard

The decision of whether to recuse lies within the discretion of the district judge. *United States v. Wilensky*, 757 F.2d 594, 599-600 (3d Cir. 1985). Two statutes govern the issue of recusal; a party may move for recusal under either 28 U.S.C. § 144 or 28 U.S.C. § 455. Section 144 provides that a district court judge should recuse if the party seeking recusal submits a "timely and sufficient affidavit" illustrating that the judge has a personal bias or prejudice towards a party. Appellant has not submitted an affidavit pursuant to § 144 and does not

specifically refer to either statute in her Motion for Recusal.  In light of Appellant's *pro se* status, however, the Court will consider Appellant's request pursuant to both statutes.  Section 455(a) provides that "[a]ny . . . judge of the United States" must be disqualified "in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  Further, § 455(b)(1) provides that a judge must be disqualified where he "has a personal bias or prejudice concerning a party . . . ." *Id.* § 455(b)(1).  Section 455(b)(1) is similar in substance to § 144 and the two sections are construed *in pari materia*.  *See Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987).

If a party claims that a judge should recuse under § 455(a) because his "impartiality might reasonably be questioned," the test that applies is "whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re: Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004).  This is an objective inquiry that considers not only whether a judge is actually impartial but whether there is an appearance of impartiality.  *See In re: Cmty. Bank of N. Va.*, 418 F.3d 277, 320 (3d Cir. 2005).

Furthermore, if a party claims that a judge should recuse because of a personal bias or prejudice, she must show that such bias or prejudice is grounded in extrajudicial sources, such as personal animus, rather than judicial actions that can be corrected on appeal.  *See Smith v. Danyo*, 585 F.2d 83, 87 (3d Cir. 1978).  Extrajudicial bias "refers to a bias that is not derived from the evidence or conduct of the parties that the judge observes in the course of the proceedings." *Johnson v. Trueblood*, 629 F.2d 287, 291 (3d Cir. 1980).  In the absence of extrajudicial bias, a party seeking recusal must show that a judge has a "deep-seated and unequivocal antagonism that would render fair judgment impossible" to obtain recusal.  *Liteky v. United States*, 510 U.S. 540, 555-556 (1994) ("[O]pinions formed by the judge on the basis of

facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible").

### B. Merits of Appellant's Motion

The Court finds no merit to the Appellant's Motion for Recusal. Appellant asserts that the Court's impartiality might reasonably be questioned because Judge Pisano graduated from Seton Hall, as did other judges that have presided over Appellant's various legal proceedings. In particular, Appellant contends that Judge Pisano "attended class with . . . and/or was instructed by the husband of" New Jersey Superior Court Judge Thomas W. Cavanagh, Jr., New Jersey Supreme Court and Appellate Division Judge Dorothea O'C. Wefing, and United States Bankruptcy Court Judge Lyons [docket entry no. 15]. Appellant further argues that this classmate connection creates "an appearance of bias and impropriety" and that Judge Pisano "favors lawyers that he knows." *Id.*

Judge Pisano graduated from Seton Hall in 1974. The other federal and state judges identified in Appellant's motion also graduated from Seton Hall in the 1970s. The mere fact that Judge Pisano attended law school with these judges nearly forty years ago is insufficient to warrant the Court's recusal from this matter. *See, e.g., Okpor v. Rutgers, State Univ. of N.J.*, 196 Fed. Appx. 129, 132 (3d Cir. 2006) (holding that a trial judge was not required to recuse from a civil rights action against the judge's alma mater); *Jersey Asparagus Farms, Inc. v. Rutgers Univ.*, 2011 U.S. Dist. LEXIS 44929, at *5-6 (D.N.J. 2011) (finding that recusal was not warranted where judge graduated from the law school of defendant university and her spouse was an adjunct professor at the law school). *See also Tonkovich v. Kansas Bd. Of Regents, et al.*, 924 F. Supp. 1084, 1086-87 (D. Kan. 1996) (holding that judge's spouse's adjunct teaching of

courses at law school did not create appearance of bias). "Inconsequential alumni contacts of this type would not cause a reasonable person to question the court's impartiality." *United States v. Adams*, 2009 U.S. Dist. LEXIS 1287, at *6 (E.D. Pa. 2009).

Further, except for a vague reference to a "significant number of comments online," Appellant provides no support for her contention that Judge Pisano favors lawyers that he knows. Such unsupported allegations do not warrant the Court's recusal from this matter. *See United States v. Cerceda*, 188 F.3d 1291, 1293 (11th Cir. 1999) (holding that judge was not required to recuse himself under § 455(a) where party seeking recusal set forth conjecture and speculation, but no facts, in support of judge's partiality); *Cooney v. Booth*, 262 F. Supp. 2d 494, 508 (E.D. Pa. 2003) ("It is, thus, 'vital to the integrity of the system of justice that a judge not recuse himself on unsupported, irrational or highly tenuous speculation.' " (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987))). Accordingly, the Court will not recuse itself based on its graduation from Seton Hall and familiarity with other judges in this state. Appellant's Motion for Recusal is denied with prejudice.

## IV.    Motion to Subpoena Documents and Records

Appellant seeks to subpoena documents and deposition testimony from: 1) Judge Cavanagh; 2) Judge Wefing; 3) Judge Lyons; 4) Peter M. Brown, President & CEO of Manasquan Bank; and 5) Carol D. Roberts, of Manasquan Bank. Manasquan Bank opposes the motion and argues that discovery at this stage is inappropriate because the Court is limited to consideration of the record from the Bankruptcy Court and therefore, any newly discovered materials are irrelevant. Manasquan Bank further argues that the subpoenas are improper because they were signed by Appellant's husband, instead of Appellant, and they seek documents that have no bearing on the proceedings in the Bankruptcy Court.

### A. Legal Standard

Federal Rule of Bankruptcy Procedure 8006 provides that "[t]he record on appeal shall include the items so designated by the parties, the notice of appeal, the judgment, order, or decree appealed from, and any opinion, findings of fact, and conclusions of law of the court." Fed. R. Bankr. P. 8006. In applying this rule, district courts reviewing a bankruptcy court's decision on appeal will not consider new evidence, which was not part of the factual record before the bankruptcy court. *See In re: Websci Techs., Inc.*, 234 Fed. Appx. 26, 31 (3d Cir. 2007) (holding that the district court did not err by refusing to permit appellant who challenged bankruptcy court decision to supplement record with materials relating to allegations of fraud and concealment, because such evidence was not part of the bankruptcy court's record).

### B. Merits of Appellant's Motion

The Court finds that Appellant's Motion to Subpoena Documents and Records should be denied. The documents and testimony that Appellant seeks to discover were not considered by the Bankruptcy Court in deciding Appellant's Motion for Reconsideration. Nor were they considered by the Bankruptcy Court in deciding Appellant's Motion for Stay. Accordingly, the Court cannot these additional materials on appeal and there is no basis for Appellant to engage in far-reaching discovery on unrelated matters, which are not properly before the Court. *See id. See also In re: Medford Crossings North, LLC*, 2012 U.S. Dist. LEXIS 76341, at *13-14 (D.N.J. 2012) (holding that appellant could not supplement the record on appeal with materials that were nonexistent at the time of the bankruptcy court proceedings ); *Kabayan v. Yepremian*, 116 F.3d 1295, 1297 (9th Cir. 1997) (finding that deposition and other testimony taken after bankruptcy court had granted summary judgment were not part of record on appeal and could not be

considered by the district court pursuant to Rule 8006).  Therefore, the Motion to Subpoena Documents and Records is denied with prejudice.

Furthermore, Manasquan Bank is correct that the subpoenas were improper because they were signed by Appellant's husband.  As the Court explained to Appellant in its Order dated March 26, 2102, Federal Rule of Civil Procedure 11 requires all documents filed with the Court to be signed by an attorney of record in the case, or if the party is unrepresented, by the party personally.  Fed. R. Civ. P. 11(a).  The Court reminds Appellant that her husband may not file documents on her behalf.

## V.   Motion for Stay and Application for Pro Bono Counsel

### A.   Motion for Stay Pending Decision

Appellant moves to stay these proceedings pending a determination of her Motion for Recusal and Motion to Subpoena Documents and Records.  The Bureau and Manasquan Bank oppose the motion and argue that Appellant's request in fact constitutes a request for an additional extension of time to file her appellate brief.  Because the Court has denied these motions with prejudice, the Motion to Stay is denied as moot.

### B.   Application for Pro Bono Counsel

Appellant also requests the appointment of pro bono counsel.  There is no absolute constitutional right to appointed counsel in a federal civil proceeding.  *See Parham v. Johnson*, 126 F.3d 454, 456 (3d Cir. 1997).  Pursuant to 28 U.S.C. § 1915(e)(1), however, the Court may appoint counsel for indigent persons in civil litigation proceedings if it determines that the circumstances warrant it.

In determining whether to appoint counsel to civil litigants proceeding *in forma pauperis*, a court should consider the following factors:

> As a preliminary matter, the plaintiff's claim must have some merit in fact and law.... If the district court determines that the plaintiff's claim has some merit, then the district court should consider the following factors:
>
>> (1) the plaintiff's ability to present his or her own case;
>> (2) the complexity of the legal issues;
>> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
>> (4) the amount a case is likely to turn on credibility determinations;
>> (5) whether the case will require the testimony of expert witnesses;
>> (6) whether the plaintiff can attain and afford counsel on his own behalf.
>> (*Tabron v. Grace*, 6 F.3d 147, 155-56, 157 n.5 (3d Cir. 1993), *cert. denied*, 510 U.S. 1196 (1994)). This list of factors is not exhaustive, but instead should serve as a guide post for the district courts.
>
>> Correspondingly, courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases. *Id.* at 157.

*Parham*, 126 F.3d at 457-58.

Analysis of these factors reveals that appointment of counsel is not appropriate at this time. As discussed above, the record on appeal is insufficient for the Court to determine whether Appellant's claim has any merit in law or fact. It appears from her multiple submissions thus far, however, that Appellant is able to present both the factual and legal arguments relevant to her Appeal. Accordingly, the Application for Pro Bono Counsel is denied without prejudice to Appellant or the Court revisiting the issue at a later date should circumstances warrant.

Should Appellant wish to reapply for pro bono counsel at a later date, the proper procedure is to file an application to proceed *in forma pauperis* in accordance with the instructions outlined in the "Procedural Guide for Pro Se Litigants," which is available on this Court's website and will be provided to Appellant, along with this Opinion.

## VI.    Conclusion

For the foregoing reasons, this matter is remanded to the Bankruptcy Court for further elaboration of the Bankruptcy Court's reasoning in issuing the November 2 Order and the December 7 Order. Appellee Manasquan Bank's Cross-Motion to Dismiss is denied without

prejudice.  The Appellant's Motion for Recusal, Motion to Subpoena Documents and Records

and Motion for Stay Pending Decision and Application for Pro Bono Counsel are also denied.

An appropriate order follows.

 /s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge

Dated:  September 20, 2012