NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
LYNN Z. SMITH,                      :
                                    :
    Appellant,                     :    Civil Action No. 12-00085 (JAP)
                                    :
v.                                  :    **OPINION**
                                    :
MANASQUAN SAVINGS BANK, et al.,     :
                                    :
    Appellee.                      :
_____ :

PISANO, District Judge:

    This matter comes before the Court as an Appeal of United States Bankruptcy Court Judge Raymond T. Lyon's Order of December 7, 2011, which denied Debtor/Appellant Lynn Z. Smith's (the "Appellant") motion for reconsideration of a prior Order.[1] Presently before the Court is a motion by Appellant for reconsideration of this Court's November 13, 2012 Order dismissing the Appeal based on Appellant's failure to file an appellate brief. Also before the Court is: (1) an amendment to Appellant's motion for reconsideration; and (2) a motion by Appellant to dismiss Appellee Teich Groh's ("Appellee's") cross-motion to dismiss the Appeal. Appellee opposes these motions. For the reasons discussed below, the motions are denied.

    A court may grant a motion for reconsideration if the moving party establishes at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence [not available previously]; [or] (3) the need to correct clear error [of

---

[1] The Court exercises appellate jurisdiction in this matter under 20 U.S.C. § 158(a). *See Matter of Halvajian*, 216 B.R. 502, 508 (D.N.J. 1998), *aff'd*, 168 F.3d 478 (3d Cir. 1998) (citing 28 U.S.C. § 158(a)(1)).

law] or prevent manifest injustice." *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). The party seeking reconsideration bears a heavy burden and "must show more than a disagreement with the Court's decision." *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990). Further, the moving party's burden requires more than a "recapitulation of the cases and arguments considered by the court before rendering its original decision." *Id.*

The Court first addresses Appellant's attempt to amend her motion for reconsideration. The Court is mindful of Appellant's *pro se* status and the need to construe her pleadings liberally. *See United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). Accordingly, the Court will allow Appellant to amend her motion for reconsideration and will address her amended pleading for purposes of considering this motion.

Next the Court turns to Appellant's' motion for reconsideration.[2] In the motion, Appellant seeks to provide the Court with additional clarification with respect to the purported bias that Judge Lyon demonstrated in denying Appellant's motion for reconsideration of the Bankruptcy Court's prior Order. Appellant's arguments do not meet the requirements necessary to permit this Court to reconsider its prior Order. The record is clear that this Court's decision was based on its own review of the Bankruptcy Court's record and the record on Appeal.[3] Consequently, Appellant's further clarification of the basis for Judge Lyons' decision would do nothing to alter the Court's earlier conclusion. Moreover, Appellant's arguments were

---

[2] In support of her motion, Appellant also filed a letter from her husband to the Court [docket entry no. 46] and a letter from her husband to the Deputy Attorney General of the State of New Jersey [docket entry no. 47]. As the Court has previously advised Appellant, her husband may not file documents on her behalf. *See* docket entry nos. 10, 31; *see also* Fed. R. Civ. P. 11(a). Thus, these letters are not properly before the Court and the Court will not consider them in addressing the instant motion. If Appellant's husband continues to file documents in this matter, the Court will disregard any such documents without prior notice.

[3] Notably, Appellant still has not filed an appellate brief or provided the Court with a justifiable reason for her failure to do so.

previously presented – and rejected – in the course of the litigation of the Appeal. She cannot now revisit these arguments in a motion for reconsideration. Appellant's recourse, if she disagrees with this Court's decision, is to file an appeal with the Court of Appeals. Therefore, Appellant's motion for reconsideration is denied.

Finally, the Court addresses Appellant's motion to dismiss the cross-motion for dismissal of the Appeal. As Appellee explained in a letter to the Court dated December 21, 2012, Appellee has not filed a cross-motion to dismiss the Appeal because the Appeal already had been dismissed by this Court. Accordingly, because there is no cross-motion pending, Appellant's motion to dismiss such a cross-motion is denied as moot.

For the foregoing reasons, Appellant's motion for reconsideration is denied. The motion to dismiss the cross-motion to dismiss the appeal is denied. An appropriate order follows.

    /s/ Joel A. Pisano
JOEL A. PISANO. U.S.D.J.

Dated: February 11, 2013