UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
LYNN Z. SMITH,                      :
                                    :
    Appellant,                     :    Civil Action No. 12-00085 (JAP)
                                    :
v.                                  :    **OPINION**
                                    :
MANASQUAN SAVINGS BANK, et al.,     :
                                    :
    Appellee.                      :
_____:

PISANO, District Judge:

    This matter comes before the Court as an Appeal of United States Bankruptcy Court Judge Raymond T. Lyon's Order of December 7, 2011, which denied Debtor/Appellant Lynn Z. Smith's (the "Appellant") motion for reconsideration of a prior Order. Presently before the Court is Appellant's motion for leave to proceed *in forma pauperis* [docket entry no. 57]. Also before the Court is Appellant's motion for recusal of presiding judge [docket entry no. 58]. The Court resolves the motions without oral argument as permitted by Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will deny Appellants' motions.

    Appellant's Notice of Appeal was entered in this Court on January 5, 2012. In light of Appellant's *pro se* status, the Court granted Appellant three separate extensions of time to file an appellate brief in support of her Appeal [docket entry nos. 6, 12, 16]. Plaintiff did not file an appellate brief. Instead, she filed a variety of other motions, including a motion for recusal of presiding Judge Joel A. Pisano [docket entry no. 15]. The Court denied the motion for recusal on September 20, 2012 [docket entry no. 32]. Several weeks later, the Court granted Appellant yet

another extension of time to file her appellate brief, until October 26, 2012 [docket entry no. 33]. The Court informed Appellant that if she failed to file an appellate brief within that time, she would be granted no further extensions and the Court would dismiss the Appeal. Appellant failed to file an appellate brief or provide any legitimate reason for her failure to do so. Thus, on November 13, 2012, the Court dismissed Appellant's Appeal with prejudice [docket entry no. 35]. On March 13, 2013, Appellant filed a Notice of Appeal [docket entry no. 54].

Several weeks later, on April 4, 2013, Appellant moved for leave to proceed *in forma pauperis* on Appeal, pursuant to 28 U.S.C. § 1915.[1] In the accompanying Affidavit, Plaintiff states that she has a gross monthly income of $6,559.00 and combined monthly expenses of $5,265.00. Plaintiff also states that she owns two cars and a home valued at $1,000,000. Based on the information provided by Plaintiff, the Court finds that Plaintiff has sufficient resources available to her to enable her to pay the requisite fees associated with this action.

On April 16, 2013, Appellant also moved for the recusal of Judge Pisano. Her request appears to be, in essence, a motion for reconsideration of the Court's Order denying her previous motion for recusal. In the motion, Appellant takes issue with the Court's reasons for denying the earlier motion for recusal and attempts to provide further information about the purported bias that Judge Pisano demonstrated in denying her prior motion and in dismissing her Appeal.

A court may grant a motion for reconsideration if the moving party establishes at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence [not available previously]; [or] (3) the need to correct clear error [of law] or prevent manifest injustice." *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). The party seeking reconsideration bears a heavy burden and "must

---

[1] Federal Rule of Appellate Procedure 24 requires an appellant seeking to proceed *in forma pauperis* on Appeal to first move for leave before the District Court. Fed. R. App. P. 24.

show more than a disagreement with the Court's decision." *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990). Further, the moving party's burden requires more than a "recapitulation of the cases and arguments considered by the court before rendering its original decision." *Id.* As set forth in its prior decision, Appellant's arguments were previously presented – and rejected – in the course of the litigation of the Appeal. She cannot revisit these arguments now in what is essentially a motion for reconsideration, particularly in a case that has been closed due to Appellant's failure to file an appellate brief and comply with this Court's orders. Appellant's recourse, if she disagrees with this Court's decision, is to proceed via the normal appellate process.

For the foregoing reasons, Appellant's motion for leave to proceed *in forma pauperis* and motion for recusal will be denied. An appropriate order follows.

                                                          /s/ Joel A. Pisano
                                                       JOEL A. PISANO, U.S.D.J.

Dated: May 24, 2013